IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| RICHARD WHITE, | § | |
| | § | No. 300, 2018 |
| Defendant Below- | § | |
| Appellant, | § | |
| | § | |
| v. | § | Court Below—Superior Court |
| | § | of the State of Delaware |
| STATE OF DELAWARE, | § | |
| | § | ID. No.  N1703022008 |
| Plaintiff Below- | § | |
| Appellee. | § | |

Submitted:  October 9, 2018
Decided:  November 21, 2018

Before **VALIHURA**, **VAUGHN**, and **SEITZ**, Justices.

# **O R D E R**

Upon consideration of the appellant's brief filed under Supreme Court Rule 26(c), his attorney's motion to withdraw, and the State's response thereto, it appears to the Court that:

(1)    On September 5, 2017, a New Castle County grand jury indicted the appellant, Richard White, on eleven counts of Rape in the Second Degree, six counts of Possession of Child Pornography, four counts of Sexual Exploitation of a Child, one count of Continuous Sexual Abuse of a Child, one count of Committing a Dangerous Crime Against a Child, one count of Sexual Solicitation of a Child, and one count of Dealing in Child Pornography. The charges arose after the victim reported to a coach that she had been in a

five-year sexual relationship with White that started when she was only twelve-years-old. On January 16, 2018, White pled guilty to one count of Rape in the Second Degree. In exchange for his plea, the State dismissed the other charges. After a presentence investigation, the Superior Court sentenced White on May 18, 2018 to life imprisonment. This is White's direct appeal.

(2) White's counsel filed a brief and a motion to withdraw under Supreme Court Rule 26(c). Counsel asserts that, based upon a complete and careful examination of the record, there are no arguably appealable issues. By letter, counsel informed White of the provisions of Rule 26(c) and gave him a copy of the motion to withdraw and the accompanying brief and appendix. White also was informed of his right to supplement counsel's presentation.

(3) In response to his counsel's motion to withdraw, White raises eight issues for the Court's consideration. First, he contends that the indictment was defective. Second, he contends that his written plea agreement was defective for failing to specify the statutory subsection to which he was pleading guilty. Third, he contends that the child pornography charges in the indictment were not supported by the evidence. Fourth, he contends that he was never provided with a copy of the victim's statement to police. Fifth, he asserts that the presentence investigation report was the result of bias. Sixth, he contends that his counsel was ineffective for failing to have him undergo a

2

psycho-forensic evaluation. Seventh, he contends that trial counsel was ineffective for failing to inform him that a life sentence was really possible, for not filing a motion to withdraw his guilty plea, and for failing to advocate for him at sentencing. Finally, he contends that his sentence is disproportionate compared to other second degree rape cases.

(4) The standard and scope of review applicable to the consideration of defense counsel's motion to withdraw and an accompanying brief under Rule 26(c) is twofold: a) the Court must be satisfied that defense counsel has made a conscientious examination of the record and the law for claims that could arguably support the appeal; and b) the Court must conduct its own review of the record in order to determine whether the appeal is so totally devoid of at least arguably appealable issues that it can be decided without an adversary presentation.[1]

(5) With the exception of his sentencing-related claims and his ineffective assistance of counsel claims, which we decline to consider for the first time in this direct appeal,[2] the disposition of White's remaining claims hinges on the Court's determination of whether White entered his guilty plea

---

[1] *Penson v Ohio*, 488 U.S. 75, 83 (1988); *McCoy v. Court of Appeals of Wisconsin*, 486 U.S. 429, 442 (1988); *Anders v. California*, 386 U.S. 738, 744 (1967).
[2] *Sahin v. State*, 7 A.3d 450, 451 (Del. 2010) (claims of ineffective assistance generally are not considered for the first time on direct appeal).

knowingly, intelligently, and voluntarily.[3] It is well-settled that a knowing and voluntary guilty plea waives a defendant's right to challenge any errors occurring before the entry of the plea, "even those of constitutional dimensions."[4]

(6) In this case, the record supports the conclusion that White knowingly, intelligently, and voluntarily pled guilty with a full understanding of the rights he was waiving. The judge engaged in a colloquy with White in open court. Under oath, White informed the judge that he understood the charge against him and that he was pleading guilty because he was, in fact, guilty. He told the judge that he had not taken any medication or drugs in the preceding 24 hours that would prevent his understanding of the plea proceeding. He indicated that he had reviewed the guilty plea agreement and that he understood its meaning and all of the rights that he was waiving by entering a guilty plea. White also told the judge that no one was forcing him to plead guilty and that he was satisfied with his counsel's representation. White stated under oath that he understood that, because the victim was a child under the age of 14, he was facing a minimum sentence of 25 years and a maximum sentence of life in prison. His signature on the guilty plea form

---

[3] *Lewis v. State*, 2010 WL 2163910, at *1 (Del. May 11, 2010).

[4] *Wilson v. State*, 2010 WL 572114, at *2 (Del. Feb. 18, 2010) (quoting *Smith v. State*, 2004 WL 120530, at *1 (Del. Jan. 15, 2004)).

4

acknowledged that, despite the State's recommendation of a 25-year sentence, no one had promised him what his sentence would be. The judge accepted White's plea and, at the parties' request, ordered a presentence investigation.

(7) Under the circumstances of this case, we conclude that White's knowing, intelligent, and voluntary guilty plea waived his right to challenge the indictment, to challenge the sufficiency of the statutory citation in his written plea agreement, to challenge any alleged discovery issues, or to challenge the sufficiency of the State's evidence.[5] Moreover, White raised no objection about the presentence report to the Superior Court in the first instance, nor did he request a continuance or opportunity to rebut the report.[6] In the absence of plain error, which we do not find, White has waived this claim on appeal.[7]

(8) Finally, with respect to his claim that his life sentence is disproportionate to other second degree rape cases, our review of his sentence is limited to determining whether the sentence is within the statutory limits defined by the General Assembly.[8] If the sentence falls within the statutory

---

[5] *Brown v. State*, 108 A.3d 1201, 1202 (Del. 2015) (holding that the defendant's valid guilty plea waived any right to challenge the strength of the State's evidence, including the chain of custody of the drug evidence).

[6] Del. Supr. Ct. R. 8.

[7] *Mayes v. State*, 604 A.2d 839, 845 (Del. 1992) (defendant's failure to request a continuance or opportunity to present rebuttal evidence to presentence investigation report waived any right to object to the report on appeal).

[8] *Kurzmann v. State*, 903 A.2d 702, 714 (Del. 2006).

limits, we consider only whether it is based on factual predicates which are false, impermissible, or lack a minimal indicia of reliability, judicial vindictiveness or bias, or a closed mind.[9] "A judge sentences with a closed mind when the sentence is based on a preconceived bias without consideration of the nature of the offense or the character of the defendant."[10]

(9) In sentencing White above the State's recommended 25-year sentence, the Superior Court stated that it did not lightly set aside the sentencing recommendation that had resulted from the parties' plea negotiations. Nonetheless, after reviewing all of the information submitted relevant to sentencing, including the presentence investigation report, the letters written on White's behalf, and the nature of the offense, the Superior Court had to exercise its independent sentencing judgment. The Superior Court found multiple aggravating factors, including the vulnerability of the victim and the duration of White's sexual abuse, and concluded that any sentence less than life imprisonment would unduly depreciate the nature and circumstances and damage caused by White's long-term abuse. Under these circumstances, we conclude there was no abuse of the Superior Court's discretion in sentencing White to life imprisonment.

---

[9] *Id.*
[10] *Id.* (quoting *Weston v. State*, 832 A.2d 742, 746 (Del. 2003)).

6

(10)   We have reviewed the record carefully and conclude that White's appeal is wholly without merit and devoid of any arguably appealable issue. We also are satisfied that White's counsel has made a conscientious effort to examine the record and has properly determined that White could not raise a meritorious claim in this appeal.

NOW, THEREFORE, IT IS ORDERED that the State's motion to affirm is GRANTED.  The judgment of the Superior Court is AFFIRMED. The motion to withdraw is moot.

BY THE COURT:

/s/  James T. Vaughn, Jr.
Justice

7